| | |
|---|---|
| 1 | Derrick Lam, Bar No. 275431 |
| | dlam@littler.com |
| 2 | Devon S. Mills, Bar No. 325471 |
| | dsmills@littler.com |
| 3 | LITTLER MENDELSON P.C. |
| | 633 West 5th Street |
| 4 | 63rd Floor |
| | Los Angeles, California  90071 |
| 5 | Telephone:  213.443.4300 |
| | Fax No.:     213.443.4299 |
| 6 | |
| 7 | Attorneys for Defendants |
| | COX AUTOMOTIVE CORPORATE |
| | SERVICES, LLC, erroneously sued and served |
| 8 | as Manheim Remarketing, Inc., and sued as Cox |
| | Automotive, Inc., AND HEIDY |
| 9 | YOUNGBLOOD, erroneously sued as Heidi |
| | Yungblood |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORI SILEVEN, | | Case No. 5:21-cv-2035 |
| | Plaintiff, | |
| v. | | **DEFENDANTS MANHEIM REMARKETING, INC., COX AUTOMOTIVE, INC. AND HEIDY YOUNGBLOOD'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| MANHEIM REMARKETING, INC., a California Corporation; COX AUTOMOTIVE, INC., a Georgia Corporation; HEIDI YUNGBLOOD, an individual; and DOES 1 through 30, inclusive, | | |
| | Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF LORI SILEVEN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants MANHEIM REMARKETING, INC. ("Manheim Remarketing"); COX AUTOMOTIVE, INC. ("Cox Automotive"), AND HEIDY YOUNGBLOOD (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice of Removal of Civil Action to Federal Court ("Notice") is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332. The grounds for removal are as follows:

## I.  STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."

2. The action was filed in the Superior Court of California for the County of Riverside. For purposes of removal, venue properly lies in the United States District Court for the Central District of California because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(c), 1141(a) and 1446.

## II.  PLEADINGS, PROCESS AND ORDERS

3. This lawsuit arises out of Plaintiff Lori Sileven's ("Plaintiff") employment with Defendants.[1]  On November 2, 2021, Plaintiff filed a Complaint for damages,

---

[1] Plaintiff was employed by Cox Automotive Corporate Services, LLC ("CACS"), and not by Defendants Manheim Remarketing, Inc. or Cox Automotive, Inc.  Thus,

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

entitled **LORI SILEVEN, Plaintiff, v. MANHEIM REMARKETING, INC., a California Corporation[2]; COX AUTOMOTIVE, INC., a Georgia Corporation; HEIDI YUNGBLOOD, an individual; and DOES 1-30, inclusive, Defendants**, in the Superior Court of the State of California, County of Riverside, Case No. CVRI2105026 (the "Complaint").[3] Plaintiff also filed a Summons (on the Complaint) and a Civil Case Cover Sheet. A true and correct copy of the aforementioned documents are attached to the concurrently filed Declaration of Devon Mills ("Mills Decl.") as **Exhibit A.** (Mills Decl., ¶ 2, Exhibit A.)

4. On November 3, 2021, the Court Clerk issued a Notice of Case Assignment – Unlimited Civil Case. A true and correct copy of "Notice of Case Assignment – Unlimited Civil Case" is attached to the concurrently filed Mills Decl. as **Exhibit B.** (Mills Decl., ¶ 3, Exhibit B.)

5. On November 4, 2021, Plaintiff served Manheim Remarketing with a copy of the Complaint, pursuant to California Code of Civil Procedure Sections 415.40 and 416.10, along with a Summons, Civil Case Cover Sheet, First Amended General Order, Voluntary Efficient Litigation Stipulations, an Alternative Dispute Resolution Information Package, and a Notice of Case Assignment – Unlimited Civil Case. A true and correct copy of the aforementioned documents are attached to the concurrently filed Mills Decl. as **Exhibit C**. (Mills Decl., ¶ 4, Exhibit C.)

6. To Defendants' knowledge, no other party has been named or validly served as of the date of this removal. (Mills Decl., ¶ 5.)

7. All properly joined and served defendants join in or consent to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

---

Defendants Manheim Remarketing, Inc. and Cox Automotive, Inc. have been improperly named as defendants in this case.
[2] As detailed below, Manheim Remarketing, Inc. has been erroneously described as a California corporation.
[3] The Complaint is incorporated by reference in this Notice without admitting the allegations contained therein.

8. On December 3, 2021, Defendants filed their Answer to Plaintiff's unverified Complaint in the Superior Court of the County of Riverside. A true and correct copy of Defendants' Answer is attached to the concurrently filed Mills Decl. as **Exhibit E.** (Mills Decl., ¶ 7, Exhibit E.)

9. To Defendants' knowledge, no further processes, pleadings, or orders related to this case have been filed in Riverside County Superior Court or served by any party. Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendants. A true and correct copy of the Riverside County Superior Court docket is attached to the concurrently filed Mills Decl. as **Exhibit F**. (Mills Decl., ¶ 8, Exhibit F.)

## III. TIMELINESS OF REMOVAL

10. Under 28 U.S.C. section 1446(b), an action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on Defendants within 30 days of service on defendant of the initial pleading. (*See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).)

11. Here, Manheim Remarketing was served with a copy of Plaintiff's Summons, and Complaint on November 4, 2021. (*See* Mills Decl., ¶ 4, Exhibit C).

12. Defendants are filing this Notice within thirty (30) days from November 4, 2021. Accordingly, this Notice is timely.

## IV. DIVERSITY OF CITIZENSHIP

13. This matter is a civil action which this Court has original jurisdiction over under 28 U.S.C. sections 1332(a)(1) and 1332(c)(1) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. sections 1441 and 1446. This Court has jurisdiction over this matter because complete diversity of citizenship exists

between the parties, at the time that this action was filed and still exists, and the amount in controversy exceeds $75,000.

14. 28 U.S.C. section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

15. **Plaintiff is a Citizen of California.** To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. (*Bank of N.Y. Mellon v. Nersesian*, No. CV 13-2604 PA (ex.), 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).) Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. (*Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO (PLAx), 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).)

16. An allegation by a party in the state court complaint creates "a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise." (*State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994).)

17. Here, Plaintiff alleges that she is a resident of Riverside County in the State of California. (*See* Complaint, ¶ 1.) Thus, Plaintiff is a citizen of California.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

18. **None of The Corporate Defendants Are Citizens of California.** For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" (*Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).)

19. Manheim Remarketing, Inc. and Cox Automotive, Inc., although both improperly named as defendants, are both, and at all times since this action commenced, have been corporations organized under the laws of the State of Delaware. (*See* Declaration of Melanie Lastrapes ("Lastrapes Decl.") (Lastrapes Decl., ¶ 3) Thus, both Manheim Remarketing, Inc. and Cox Automotive, Inc. are citizens of the State of Delaware.

20. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. (*Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).) Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high-level officers direct, control and coordinate its activities on a day-to-day basis. *Id*. ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

21. Under the "nerve center" test, Georgia emerges as both Manheim Remarketing, Inc.'s and Cox Automotive, Inc.'s principal place of business. Both Manheim Remarketing, Inc. and Cox Automotive, Inc.'s corporate headquarters are located in Atlanta, Georgia, from which both direct their operations, maintain senior management, and otherwise conduct tasks giving rise to their operations in other states. (Lastrapes Decl., ¶ 3) From their headquarters in Georgia, Defendants Manheim Remarketing and Cox Automotive conduct such executive operations, including but not limited to, those relating to company-wide policies and procedures, human resources, legal affairs, marketing, tax, benefits, information technology, and finance. (*Id.*) Most

of their high-level executives, maintain their offices in Atlanta, Georgia. (*Id.*) The bulk of their corporate activity is centered in Georgia, in that it is the location of the majority of the corporation's administrative and managerial activities, and the primary, permanent base of its operations. (*Id.*) Accordingly, both Manheim Remarketing, Inc. and Cox Automotive, Inc. are citizens of the State of Georgia.

22.  Therefore, for purposes of diversity of citizenship, Manheim Remarketing, Inc. and Cox Automotive, Inc. are, and have been at all times since this action commenced, citizens of Delaware and Georgia.

23.  Plaintiff was employed by Cox Automotive Corporate Services, LLC ("CACS"), which was not named as a defendant in this case.  Even if Plaintiff had named CACS, CACS is also a citizen of Delaware and Georgia and is therefore completely diverse.

24.  For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state of which its members are citizens. (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens); *see also Doppes v. Cal. Scents, LLC*, 2018 U.S. Dist. LEXIS 124755, at *4 (C.D. Cal. July 25, 2018); MOORE'S FEDERAL PRACTICE §102.57[8] (3d ed. 2007).)[4]

25.  CACS is now – and was at the time of the filing of this action – a citizen of a State <u>other than</u> California within the meaning of 28 United States Code Section 1332(c)(1).  Specifically, CACS is an LLC organized under the laws of the State of Delaware (Lastrapes Decl., ¶ 4) The majority, if not all, of CACS's executive and administrative functions are performed in Atlanta, Georgia. (*Id.*)

---

[4] Conversely, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

26. The sole member and one-hundred percent owner of CACS is Manheim Remarketing, Inc. (Lastrapes Decl., ¶ 5)

27. As discussed above, Manheim Remarketing, Inc. is now, and at all times since this action commenced has been, a corporation organized under the laws of the State of Delaware. (Lastrapes Decl., ¶ 3) Thus, CASC is a citizen of the State of Delaware.

28. Also as discussed above, under the "nerve center" test, Georgia also emerges as Manheim Remarketing, Inc.'s principal place of business. Manheim Remarketing, Inc.'s corporate headquarters is located in Atlanta, Georgia, from which Manheim Remarketing, Inc. directs its operations, maintains senior management, and otherwise conducts tasks giving rise to its operations in other states. (Lastrapes Decl., ¶ 3) From its headquarters in Georgia, Manheim Remarketing, Inc. conducts such executive operations, including but not limited to, those relating to company-wide policies and procedures, human resources, legal affairs, marketing, tax, benefits, information technology, and finance. (*Id.*) Most of Manheim Remarketing, Inc.'s high-level executives, maintain their offices in Atlanta, Georgia. (*Id.*) Further, the bulk of its corporate activity is centered in Georgia, in that it is the location of the majority of the corporation's administrative and managerial activities, and the primary, permanent base of its operations. (*Id.*) Accordingly, Manheim Remarketing, Inc. is a citizen of the State of Georgia.

29. Therefore, all named and potential corporate defendants are, and have been at all times since this action commenced, been a citizen of Delaware and Georgia.

30. **DOE Defendants Must be Disregarded**. Pursuant to 28 U.S.C. sections 1441(a) and (b), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Courts will disregard the citizenships of "DOE" defendants for purposes of removal. (*See, e.g., Newcombe v. Adolph Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).)

31. Here, the Complaint names as defendants "DOES 1-30, inclusive." However, "DOES 1-30" are wholly fictitious defendants and are not parties to this action. 28 U.S.C. § 1441(a) and (b). Accordingly, "DOES 1-30" must be completely disregarded for the purpose of this removal.

32. Based on the foregoing, and after disregarding the non-served DOE defendants, there is complete diversity of citizenship between Plaintiff and the corporate Defendants.

## V. MS. YOUNGBLOOD'S CITIZENSHIP MUST BE DISREGARDED BECAUSE SHAM DEFENDANTS ARE DISREGARDED FOR DIVERSITY JURISDICTION PURPOSES

33. Ms. Youngblood is a sham defendant, named only to defeat diversity. A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" so that no cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded); *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991), *rehearing denied*, 931 F.2d 892, *cert. denied* 502 U.S. 866 (1991); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998).

34. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. *See Morris*, 236 F.3d at 1061; *Triggs*, 154 F.3d at 1287. It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *Ritchey*, 139 F.3d at 1318-19. If no cause of action can be established against a defendant, the defendant is nominal and need not be included in

1  the removal. *See Farias*, 925 F.2d at 866, *rehearing denied*, 931 F.2d 892, *cert. denied* 502 U.S. 866 (1991).

### A.  Plaintiff's Claim Against Ms. Youngblood Fails As A Matter Of Law

35.  Here, Plaintiff alleges one claim against Ms. Youngblood – the Second Cause of Action for harassment under FEHA.

36.  Plaintiff's claim for harassment under FEHA should be disregarded. To state a cause of action for harassment, Plaintiff must establish, in addition to other elements: (1) that she was subjected to unwanted harassing conduct by Ms. Youngblood; (2) that the harassment was based on her alleged disability; and (3) that the harassing conduct was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 608 (1989).

37.  All of Plaintiff's Complaint allegations regarding Ms. Youngblood are:
- In September 2018, when Plaintiff told Ms. Youngblood that Plaintiff was becoming confused and couldn't remember where Ms. Youngblood had instructed Plaintiff to drive, Ms. Youngblood told Plaintiff that "maybe there is something wrong with you." (Compl. ¶ 13.)
- More than one year later, on October 29, 2019, Ms. Youngblood told all of the drivers about a bag of soiled clothes that had been left in a van and demanded who left the bag in there, and "looked only at" Plaintiff while making this statement, and later "belittled and humiliated" Plaintiff. (*Id*. ¶¶ 19-20, 64.)
- "Defendants" terminated Plaintiff on or around May 7, 2020. (*Id*. ¶ 31.)

38.  In determining what constitutes sufficiently pervasive harassment, courts have held that acts of harassment "cannot be occasional, isolated, sporadic or trivial; rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher*, 214 Cal. App. 3d at 609-10; *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 466 (1998) (racial remarks made to a stock room worker every day for six weeks was not severe and pervasive conduct); *see also Faragher v. City of Boca*

*Raton*, 524 U.S. 775, 788 (1998) ("[a] recurring point in these opinions is that 'simple teasing,'…offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'"). Only for very severe cases will such an isolated incident amount to harassment. *See Herberg v. California Institute of the Arts*, 101 Cal.App.4th 142, 151 (2002) ("review of the cases they cite reveals that such a single incident must be severe in the extreme and generally must include either physical violence or the threat thereof." (citations omitted)); *Department of Corrections v. State Personnel Bd.*, 59 Cal.App.4th 131, 134 (1997) (noting incident of rape may be enough but not a single incident in which corrections officer used profane language and shook a female Hispanic fellow officer by his collar to emphasize his point); *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1042 (1996) (single incident where plaintiff was drugged and gang-raped). The Ninth Court has also held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003) (citations omitted).

39.  Thus, assuming *arguendo*, that Ms. Youngblood subjected Plaintiff to the conduct complained of, this conduct does not give rise to a harassment claim as it was clearly not "severe and pervasive." The complaint does not allege that Ms. Youngblood said anything specifically about Plaintiff's purported disability. Moreover, the Complaint admits Plaintiff was not diagnosed with fibromyalgia until after Ms. Youngblood asked the drivers who left the bag in the van. It does not allege Ms. Youngblood knew of Plaintiff's diagnosis; rather, it alleges, in a conclusory fashion, that Ms. Youngblood perceived Plaintiff as purportedly disabled. The October 29, 2019 bag incident was isolated, and even if it was related to her perceived disability, it does not constitute severe and pervasive conduct such that it created a hostile work environment.

40. Because Plaintiff cannot state a cause of action against Ms. Youngblood, removal is proper in this matter because Ms. Youngblood was fraudulently joined.

## VI. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000[5]

41. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the Plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. (*Id.*) Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. (*Id*. at 87.)

42. Here, the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. (28 U.S.C. § 1332.)

43. In Plaintiff's Complaint, Plaintiff alleges that her damages exceed $750,000. Complaint at p. 31 Prayer for Relief ¶¶ 1, 2.

44. Accordingly, as the amount in controversy far exceeds $75,000 and there is complete diversity of citizenship between the Parties, this case is properly removed to this court.

## VII. NOTICE TO STATE COURT AND PLAINTIFF

45. Pursuant to 28 U.S.C. §1446(d), and contemporaneously with the filing of this Notice in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior

---

[5] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to ***any*** relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

Court of the State of California, County of Riverside. A true and correct copy of the Notice to State Court and Plaintiff of Removal of Civil Action to Federal Court, without its accompanying exhibits, is attached to Mills Decl. as **Exhibit G.** (Mills Decl., ¶ 9, Exhibit G.)

## VIII. CONCLUSION

46. For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1441. Specifically, this Court has jurisdiction over this matter because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

47. **WHEREFORE**, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: December 3, 2021

LITTLER MENDELSON P.C.

/s/ *Derrick Lam*
Derrick Lam
Devon S. Mills
Attorneys for Defendants
COX AUTOMOTIVE CORPORATE SERVICES, LLC, erroneously sued and served as Manheim Remarketing, Inc., and sued as Cox Automotive, Inc., AND HEIDY YOUNGBLOOD, erroneously sued as Heidi Yungblood

4862-0275-7381.1 / 111714-1007