# Exhibit A

Electronically FILED by Superior Court of California, County of Riverside on 11/02/2021 04:36 PM
Case Number CVRI2105026 0000004269698 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ilze Siracusa, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MANHEIM REMARKETING, INC., a California Corporation; COX AUTOMOTIVE, INC., a Georgia
Corporation; HEIDI YUNGBLOOD, an individual; and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LORI SILEVEN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | CVRI2105026 |
| RIVERSIDE HISTORIC COURTHOUSE | |
| 4050 Main St, Riverside, CA 92501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gavril T. Gabriel, Esq., The Law Offices of Gavril T. Gabriel, 8255 Firestone Blvd. Suite 209 Downey CA 90241, (562) 758-8210

| DATE: | 11/02/2021 | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

I.Siracusa

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Manheim Remarketing, Inc., a California Corporation**

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Electronically FILED by Superior Court of California, County of Riverside on 11/02/2021 04:36 PM
Case Number CVRI2105026 0000004269696 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ilze Siracusa, Clerk

1   Gavril T. Gabriel, Esq. [SBN: 296433]
    **THE LAW OFFICES OF GAVRIL T. GABRIEL**
2   8255 Firestone Blvd., Suite 209
    Downey, California 90241
3
    Phone: (562) 758-8210
4   Fax: (562) 758-8219
    Email: GGabriel@GTGLaw.Org
5
    Attorney for PLAINTIFF,
6   LORI SILEVEN

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

10

11  LORI SILEVEN, an individual,            CASE NO. CVRI2105026

12                  Plaintiff,
                                            COMPLAINT FOR:
13      v.                                  (1)  DISABILITY DISCRIMINATION;
                                            (2)  WORK ENVIRONMENT HARASSMENT;
14  MANHEIM REMARKETING, INC., a            (3)  RETALIATION (Gov. Code, § 12940(h));
    California     Corporation;    COX      (4)  FAILURE TO PREVENT HARASSMENT,
15  AUTOMOTIVE,     INC.,    a   Georgia          DISCRIMINATION, AND RETALIATION;
    Corporation; HEIDI YUNGBLOOD, an        (5)  RETALIATION [Labor Code, § 1102.5];
16  individual;  and  DOES  1  through  30,  (6)  RETALIATION FOR USE OF PAID SICK
    inclusive,                                   LEAVE [Labor Code, § 246.5];
17                                          (7)  FAILURE TO PROVIDE REASONABLE
                    Defendants.                  ACCOMMODATION;
18                                          (8)  FAILURE TO ENGAGE IN GOOD FAITH
                                                 INTERACTIVE PROCESS;
19                                          (9)  UNFAIR AND UNLAWFUL BUSINESS
                                                 PRACTICES (In Violation of *Business and*
20                                               *Professions Code* section 17200, *et seq.*); and
                                            (10) WRONGFUL TERMINATION [In Violation of
21                                               Public Policy].

22                                          Unlimited,
                                            Jury Trial Demanded

23          COMES NOW PLAINTIFF, LORI SILEVEN (hereafter referred to as "Ms. Sileven" or

24  "Plaintiff"), and complains and alleges as follows:

25                          **I.    SUMMARY**

26          This is an action by Plaintiff, whose employment with MANHEIM REMARKETING,

27  INC. (hereafter "Manheim" or "Defendant") and COX AUTOMOTIVE, INC. (hereafter "Cox

28  Automotive" or "Defendant") was wrongfully terminated. Plaintiff brings this action against

                                       -1-
                           **COMPLAINT FOR DAMAGES**

1    Defendants for economic, non-economic, compensatory, and punitive damages, pursuant to *Civil*

2    *Code* section 3294, pre-judgment interest pursuant to *Code of Civil Procedure* section 3291, and

3    costs and reasonable attorney's fees pursuant to *Government Code* section 12965(b) and *Code of*

4    *Civil Procedure* section 1021.5.

5                            **II.  PARTIES**

6      1.       *Plaintiff:* At all times relevant, Plaintiff was employed by Defendants in Riverside

7    County, in the State of California.

8      2.       *Defendants:* Defendants MANHEIM REMARKETING, INC. and DOES 1

9    through 10 (hereafter collectively referred to as "Manheim" or "Defendant"), are, and at all times

10    relevant were, a California corporation organized and existing by virtue of the laws of the State of

11    California, are qualified to do business and are doing business in the State of California, with

12    their relevant place of business in the City of Riverside, in the State California.

13      3.       Defendants COX AUTOMOTIVE, INC. and DOES 11 through 20 (hereafter

14    collectively referred to as "Cox Automotive" or "Defendant"), are, and at all times relevant were,

15    a Corporation organized and existing by virtue of the laws of the State of Georgia, are qualified to

16    do business and are doing business in the State of California, with their relevant place of business

17    in the City of Riverside, in the State California.

18      4.       *Individual Defendants:* Defendants HEIDI YUNGBLOOD and DOES 21 through

19    30 (hereafter collectively referred to as "Heidi Yungblood" or "Defendant") are, and at all times

20    relevant were, individuals who reside in the County of Riverside, California.

21      5.       *Doe Defendants:* Defendants Does 1 through 30, inclusive, are sued under

22    fictitious names pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and

23    believes, and on that basis alleges, that each of the Defendants sued under fictitious names are in

24    some manner responsible for the wrongs and damages alleged below, in so acting was functioning

25    as the agent, servant, partner, and employee of the co-Defendants, and in taking the actions

26    mentioned below was acting within the course and scope of his or her authority as such agent,

27    servant, partner, and employee, with the permission and consent of the co-Defendants. The named

28    Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

1    individually, as "Defendants."

2        6.    *Relationship of Defendants:* All Defendants were responsible for the events and

3    damages alleged herein, including on the following bases: (a) Defendants committed the acts

4    alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee,

5    and/or acted under the control or supervision, of one or more of the remaining Defendants and, in

6    committing the acts alleged, acted within the course and scope of such agency and employment

7    and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a

8    unity of ownership and interest between or among two or more of the Defendants such that any

9    individuality and separateness between or among those Defendants has ceased, and Defendants

10   are the alter egos of one another. Defendants exercised domination and control over one another

11   to such an extent that any individuality or separateness of Defendants does not, and at all times

12   herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants

13   would permit abuse of the corporate privilege and would sanction fraud and promote injustice.

14   All actions of all Defendants were taken by employees, supervisors, executives, officers, and

15   directors during employment with all Defendants, were taken on behalf of all Defendants, and

16   were engaged in, authorized, ratified, and approved of by all other Defendants.

17       7.    Joint-Employment: Defendant COX AUTOMOTIVE, INC. and Defendant

18   MANHEIM REMARKETING, INC. are joint-employers of Plaintiff. Defendant MANHEIM

19   REMARKETING, INC. is a client of Defendant COX AUTOMOTIVE, INC. Defendant COX

20   AUTOMOTIVE, INC. and Defendant MANHEIM REMARKETING, INC. had the right to

21   control the work of Plaintiff and did in fact control Plaintiff's duties. Plaintiff was employed by

22   both COX AUTOMOTIVE, INC. and Defendant MANHEIM REMARKETING, INC. based on

23   the following:

24       a.    Defendant   COX   AUTOMOTIVE,   INC.   and   Defendant   MANHEIM

25             REMARKETING, INC. supplied the equipment, tools, and place of work;

26       b.    Plaintiff was paid by the hour rather than by the job;

27       c.    The work being done by Plaintiff was part of the regular business of Defendant

28             COX AUTOMOTIVE, INC. and Defendant MANHEIM REMARKETING,

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-3-

**COMPLAINT FOR DAMAGES**

INC.;

d.    Defendant COX AUTOMOTIVE, INC. and Defendant MANHEIM REMARKETING, INC. had the right to end their relationship with Plaintiff;

e.    The work being done by Plaintiff was her only occupation or business;

f.    The kind of work performed by Plaintiff is usually done under the direction of a supervisor rather than by a specialist working without supervision; and

g.    The kind of work performed by Plaintiff does not require specialized or professional skill.

8.    Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

### III.    VENUE AND JURISDICTION

9.    Venue is proper in the County of Riverside because Defendants employed Plaintiff in the County of Riverside, and the acts complained of herein occurred in the County of Riverside.

### IV.    FACTS COMMON TO ALL CAUSES OF ACTION

10.    *Plaintiff's hiring:* Plaintiff Lori Sileven (hereafter "Plaintiff" or "Ms. Sileven") began working for Defendants Manheim Inc. (hereafter "Manheim" or "Defendant") and Cox Automotive, Inc. (hereafter "Cox" or "Defendant") (hereafter collectively "Defendants") in or around April of 2017 as a Lot Driver at Defendants' Riverside location of 6446 Fremont Street, Riverside, California 92504. Ms. Sileven's job duties included driving vehicles through vehicle auctions, and Plaintiff's most recent wage was $12.50 hourly.

11.    *Plaintiff's protected status:*

a.    Plaintiff possesses an actual and/or perceived disability as defined by *Government Code* section 12926(m);

b.    Plaintiff requested to use sick pay;

c.    Plaintiff complained of discrimination and harassment; and

d.    Plaintiff requested reasonable accommodation.

12.    Plaintiff was initially hired on a temporary basis. However, on or around May 31,

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-4-

**COMPLAINT FOR DAMAGES**

1 2019, Defendant hired Plaintiff on a permanent basis. Plaintiff's supervisor was Heidi Yungblood

2 (hereafter "Heidi").

3     13.     In or around September of 2018, Plaintiff was instructed by Heidi to drive a

4 vehicle to a certain area of one of Defendants' lots. While on her way, Plaintiff became confused

5 and could not remember where Heidi had instructed her to drive the vehicle. Plaintiff contacted

6 Heidi and informed her that Plaintiff was having trouble remembering. Heidi told Plaintiff,

7 "maybe there is something wrong with you."

8     14.     In or around 2019, Plaintiff began to have occasional accidents on her way to

9 work in which Plaintiff would soil herself. On such occasions, Plaintiff would call Defendant, at

10 times leaving a voicemail, explaining that she would not be into work that day because she had an

11 accident and had soiled herself on her way to work.

12     15.     During the month October of 2019, Ms. Sileven was approached and spoken to by

13 Defendants' agents Ryan Meinberg and Matt, who told Plaintiff that she could take a leave of

14 absence if needed to due to her accidents. In regard to the leave of absence offered, Ms. Sileven

15 stated she would let them know.

16     16.     During a work meeting that same month of October of 2019, Nick Boris,

17 Defendants' Regional Vice President, told the employees that employees could only go to the

18 bathroom during breaks and lunch. Plaintiff thereafter feared being written up or disciplined for

19 using the bathroom while not on her break. During this month of October 2019, Plaintiff had to

20 call out of work due to two incidents in which Plaintiff was unable to control her bladder while in

21 traffic on the way to work.

22     17.     On or around October 23, 2019, Plaintiff had an incident during her break due to

23 Defendant's policy of no bathroom use outside of break periods. Plaintiff needed to use the

24 restroom but had to wait until she could take her break. After Plaintiff's break began, Plaintiff

25 went to the restroom. However, there was a distance between the break room and the bathroom,

26 and despite her effort to make it to the bathroom, Plaintiff had an accident on her way. Plaintiff

27 retrieved a change of clothes but was not able to put the soiled clothes back into her car before her

28 break ended. Thus, Plaintiff double bagged the soiled clothes and took them with her in the van

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-5-
**COMPLAINT FOR DAMAGES**

1  that transported Plaintiff and the other drivers to the vehicles that they would pick up.

2      18.    On or around October 28, 2019, while Plaintiff and the other drivers were being

3  transported in the van, Melissa, a crew lead, stated that someone had left a bag in the van and

4  gave Plaintiff a dirty look in the rear-view mirror, making it clear that she suspected it was

5  Plaintiff who had left the bag in the van. Plaintiff immediately remembered that she had left the

6  bag in the van and set out to speak to Heidi about it as soon as she came in the following day.

7      19.    On or around October 29, 2019, almost immediately after arriving to work and

8  before Plaintiff could reach her, Heidi told all of the drivers about the bag that had been left in the

9  van, its contents, and demanded to know who left the bag in the van. While she said these things,

10  Heidi looked only at Plaintiff, evidencing that she was aware that Plaintiff had left the bag in the

11  van. Plaintiff was left with no choice but to state in front of everyone that it had been her that

12  accidentally left the bag in the van. Plaintiff expressed to Heidi that she had hoped to speak with

13  her privately about the matter. Plaintiff apologized to Heidi, offering to go and explain the

14  situation to Heidi's supervisor and management. Heidi only further embarrassed and belittled

15  Plaintiff, by yelling at and scolding Plaintiff. Plaintiff felt humiliated.

16      20.    Plaintiff believes that because Ryan Meinberg and Matt were aware of Ms.

17  Sileven's accidents, that Heidi Yungblood was also aware of said accidents, and that she believed

18  it had been Plaintiff who left the bag in the van. Also, Heidi only looked at Plaintiff while

19  speaking about the bag. Thus, Heidi Youngblood purposefully humiliated and embarrassed

20  Plaintiff in front of the whole crew.

21      21.    On or around that same day of October 29, 2019, Plaintiff was called in by

22  Human Resources and met with two HR Representatives. During this meeting, the HR

23  Representatives asked Ms. Sileven if she had an accident in any other vehicles. Plaintiff informed

24  them that she had no accidents in any vehicles but that this one had happened during her break,

25  and she did not have time to take the bag back to her car prior to the end of her break. During this

26  meeting, Plaintiff told the HR representatives that she believed the accidents were associated with

27  a medical condition that Plaintiff possessed. Plaintiff further told the HR Representatives that

28  Nick Boris, the Regional Vice President, told all of the employees that they could only use the

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-6-

**COMPLAINT FOR DAMAGES**

1    restroom during their breaks. As a result, Ms. Sileven felt that she could not use the bathroom

2    during work hours without endangering her job. This shows the inhumane working conditions to

3    which Plaintiff was subjected while working for Defendant. The HR Representatives told Ms.

4    Sileven that if she needed time off to go to the doctor, they could give her time off and that

5    Plaintiff did have three days of paid time off, i.e., sick time. At no time during or after this

6    meeting did Plaintiff communicate to Defendant that she wished to take a leave of absence.

7         22.    The following day, on or around October 30 2019, Plaintiff called Defendant's

8    office to ask if she could use her sick time as Plaintiff had been told the day before that she could

9    do so. However, Defendant did not answer Plaintiff's phone call. Plaintiff left a three-minute long

10   voicemail stating that she would not be into work that day and wanted to know how to use her

11   sick time. Plaintiff also wished to speak with HR about being put onto another crew because she

12   had been humiliated by Heidi Yungblood. Thereafter, Plaintiff regularly attempted to reach

13   Defendant. Plaintiff believes that Defendant ignored her attempts to reach out due to her

14   disability/perceived disability, and in retaliation for her requests for reasonable accommodation in

15   the form of time off work and use of sick pay.

16        23.    During this time, Plaintiff tried to go in to see her doctor but she was unable to

17   because she did not possess medical insurance at that time. In or around November or December

18   of 2019, Plaintiff obtained medical insurance coverage, went to see a rheumatologist, and was

19   diagnosed with fibromyalgia.

20        24.    By January of 2020, Plaintiff believed that she had been terminated by Defendant,

21   as Defendant still had not answered or returned her calls. Thus, during this month, Plaintiff

22   applied for unemployment. However, to Plaintiff's surprise, in or around February of 2020, she

23   was informed by the California Employment Development Department that her employment

24   status was still active.

25        25.    Thereafter, in February of 2020, Plaintiff called Defendant Manheim's corporate

26   office regarding the status of her employment, her ability to return to work, and regarding her sick

27   pay which she had requested in October of 2019. Plaintiff was told that she had been placed on a

28   leave of absence, that she needed to speak with Joy ("Joy") in the leave of absence department at

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-7-

**COMPLAINT FOR DAMAGES**

1  the Riverside location, and that Joy would reach out to Plaintiff. However, Joy did not reach out

2  to Plaintiff, and Plaintiff called Defendant several times in order to follow up. Each time Plaintiff

3  was told that Joy would reach out to her.

4      26.    Finally, on or around March 6, 2020, Plaintiff told Defendant that she would get

5  an attorney involved, if necessary. A few hours thereafter, Joy reached out to Plaintiff. Joy told

6  Plaintiff that Plaintiff had asked to be placed on a leave of absence and that she needed a doctor's

7  note to return to work. Joy did not specify what exactly needed to be in this doctor's note.

8  Plaintiff told Joy that she had never asked to be placed on a leave of absence, but was trying to

9  figure out how to use her sick time. Joy stated Plaintiff should have known that she would be

10  placed on a leave of absence as this was in her employee handbook. Plaintiff informed Joy that

11  she had seen a rheumatologist and was diagnosed with fibromyalgia. Plaintiff also requested the

12  sick pay that she never received. Joy replied that she would get it taken care of and that Plaintiff

13  was supposed to get her sick pay.

14      27.    A few days later, on or around March 11, 2020, Ms. Sileven obtained a doctor's

15  note stating that Plaintiff could return to work on light duty on March 16, 2020 and sent the note

16  to Defendant. Thereafter, Joy told Plaintiff that she could. not accept the doctor's note because it

17  didn't state how many pounds Plaintiff could lift. Joy never specified that the note needed to

18  possess this information, and Plaintiff's job duties did not require Plaintiff to do regular or heavy

19  lifting. Thereafter, Plaintiff attempted to go back to the doctor in order to obtain another note, but

20  due to the outbreak of COVID-19, the doctor's office stated they were unable to see Plaintiff. Ms.

21  Sileven informed Joy that she could not obtain another note at the time due to the COVID-19

22  outbreak. Defendants rejected Plaintiff's doctors note, and did not allow her to return back to

23  work.

24      28.    Defendants refused to accommodate Plaintiff and failed to engage in a good-faith

25  interactive process to determine reasonable accommodation. During this conversation, Plaintiff

26  again asked Joy for her sick pay and Joy stated she would check on it.

27      29.    Further, on April 21, 2020, Defendants sent Plaintiff a notice stating that if she

28  did not contact the Employee Service Center on or before April 24, 2020, she would be

THE LAW OFFICES OF GAVRIL T. GABRIEL,
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-8-

**COMPLAINT FOR DAMAGES**

considered to have abandoned her employment and her employment would be terminated. However, Plaintiff had just contacted the Employee Service Center the day prior to the notice, on April 20, 2020. Further, this Notice was sent via mail, yet the deadline was only three (3) days later, on April 24, 2020.

30.     Also in or around April of 2020, Defendant finally provided Plaintiff with her sick pay and claimed that there was a "mess up." However, Plaintiff believes that Defendants withheld Plaintiff's sick pay in retaliation for Plaintiff's requests for reasonable accommodation and requests for sick pay.

31.     On or around May 7, 2020, Defendants terminated Plaintiff for "job abandonment," and claimed that on April 21, 2020, Defendants had notified Plaintiff that she needed to return to work no later than April 24, 2020, and that because Ms Sileven did not return, she was terminated. However, this is completely false, as the April 21, 2020 notice that Defendant sent Plaintiff states nothing about Ms. Sileven returning to work. Further, Ms. Sileven attempted to return to work, and provided Defendants her doctors note on or around March 11, 2020 which cleared her to do so. Yet, Defendants rejected Plaintiff's doctor's note. It is clear that Defendants never intended to allow Plaintiff to return to work. Ms. Sileven did not abandon her job position. Rather, Defendants prevented Plaintiff from returning to work and thereafter terminated her employment.

32.     Plaintiff has experienced discrimination, harassment and retaliation from Defendants as a result of her actual and/or perceived disability. Defendants refused to provide Plaintiff reasonable accommodation and instead terminated her employment in retaliation for Plaintiff's requests for reasonable accommodation.

33.     As a result of the unlawful conduct engaged in by Defendants, Plaintiff has experienced harm on a continuous and ongoing basis including economic damages and non-economic damages, attorneys' fees and costs.

34.     This is an action brought by Plaintiff, against Defendants, alleging, *inter alia*, (1) Disability Discrimination; (2) Work Environment Harassment; (3) Retaliation (Gov. Code, § 12940(h)); (4) Failure to Prevent Harassment, Discrimination, and Retaliation; (5) Retaliation

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-9-
**COMPLAINT FOR DAMAGES**

[Labor Code, § 1102.5]; (6) Retaliation for Use of Paid Sick Leave [Labor Code, § 246.5]; (7) Failure to Provide Reasonable Accommodation; (8) Failure to Engage in Good Faith Interactive Process; (9) Unfair and Unlawful Business Practices; and (10) Wrongful Termination [In Violation of Public Policy].

35.    *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost wages, lost future income and employment benefits, damage to her career, lost overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

36.    *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, mental pain and physical pain and anguish, in a sum to be proven at trial.

37.    *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California *Civil Code* section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a.    *Malice:* Defendants' conduct was committed with malice within the meaning of California *Civil Code* section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her actual and/or perceived disability, requests for reasonable accommodation, as well as complaints of violations of law, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of harassment, discrimination, retaliation and wrongful termination.

b.    *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of *Civil Code* section 3294, including that Defendants' actions against Plaintiff because of her actual and/or perceived disability, requests for reasonable accommodation and complaints of violations of law, were "despicable" and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff's right to a work

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-10-
**COMPLAINT FOR DAMAGES**

1   place free of harassment, discrimination, retaliation and wrongful employment termination.

2       c.   *Fraud:* In addition, and/or alternatively, Defendants' conduct, as alleged, was

3   fraudulent within the meaning of California *Civil Code* section 3294, including that Defendants

4   asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse

5   job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

6       d.   Defendants, and their managing agents, officers, and/or directors, authorized

7   and/or ratified the wrongful conduct of their employees, and are liable for punitive damages.

8   Furthermore, Heidi Yungblood, was a supervising agent of Defendants and encouraged and

9   participated in the harassment of Plaintiff. Heidi Yungblood managed the employees at Plaintiff's

10  place of employment and was directly involved in the handling of Plaintiff's complaints. Heidi

11  Yungblood determined corporate policy by, *inter alia*, allowing and encouraging behaviors such

12  as hostile work environment, harassment, discrimination and unfair employment practices against

13  employees who were, or were perceived as, disabled, to continue without implementing any

14  investigations or disciplinary actions against the accused employees. Heidi Yungblood did not

15  necessarily need the approval of others to make various personnel decisions. Heidi Yungblood

16  had substantial discretionary authority in her role, which ultimately affected personnel aspects of

17  Defendants' business. Heidi Yungblood was Defendants' supervising agent, and Heidi

18  Yungblood acted with oppression, fraud and malice against Plaintiff.

19      38.   *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff

20  adequately exhausted all of her administrative remedies under FEHA and obtained a "Right to

21  Sue" letter from the Department of Fair Employment and Housing against Defendants. (A true

22  and correct copy of Plaintiff's "Right to Sue" letter is attached hereto as **Exhibit "A"**).

23      39.   *Attorney's fees:* Plaintiff has incurred and continues to incur legal expenses and

24  attorney's fees.

**V.    FIRST CAUSE OF ACTION**
(Disability/Perceived Disability Discrimination (Gov. Code, § 12940(a)))
(Against Defendants Manheim, Cox, and DOES 1 through 20)

25

26

27      40.   Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

through 39 of this Complaint as though fully set forth herein.

28

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-11-
**COMPLAINT FOR DAMAGES**

41.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from discriminating against any employee as a result of an actual and/or perceived disability, pursuant to section 12940(a). Further, these sections require Defendants to refrain from discriminating against any employee for complaining about discrimination pursuant to sections 12940(h) and 12940(j)(1).

42.     At all times relevant, Plaintiff was an employee of Defendants.

43.     Plaintiff possessed an actual and/or perceived physical disability as defined by *Government Code* section 12926(m), and is a member of a protected class within the meaning of *Government Code* sections 12900 *et seq.*

44.     Defendants were aware that Plaintiff had an actual and/or perceived disability as defined by *Government Code* section 12926(m) as Plaintiff informed Defendants that she was taking medication and because Defendant was aware that Plaintiff occasionally soiled herself.

45.     Further, Defendant's agent Ryan Meinberg and Matt had approached Plaintiff and told her that she could take a leave of absence if needed due to her accidents, showing that Defendant perceived Plaintiff as possessing a disability.

46.     On or around October 30, 2019 Plaintiff requested reasonable accommodation in the form of time off work. On or around March 11, 2020, Plaintiff again requested reasonable accommodation when she provided Defendant her work restrictions which placed her on light duty.

47.     Defendants failed to provide Plaintiff reasonable accommodation, and on May 7, 2020, Defendants terminated Plaintiff's employment.

48.     Defendants subjected Plaintiff to discrimination and disparate treatment by refusing to provide Plaintiff reasonable accommodation, and by terminating Plaintiff's employment due to her actual and/or perceived disability, among other things.

49.     At all times material hereto, Plaintiff performed her duties and responsibilities as required by Defendants competently and above expectation.

50.     Such discrimination is in violation of *Government Code* sections 12940 *et seq.*,

-12-

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1   and has resulted in damage and injury to Plaintiff, as alleged herein.

2       51.    Within the time provided by law, Plaintiff filed a complaint with the California

3   Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and

4   received and served upon Defendants a Right to Sue letter.

5       52.    As a proximate cause of Defendants' willful, knowing, and intentional

6   discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses

7   in earnings and other employee benefits.

8       53.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

9   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

10  and anguish, all to her damage in a sum according to proof.

11      54.    Defendants were aware of their obligation not to discriminate against Plaintiff

12  based upon her actual and/or perceived disability pursuant to *Government Code* section 12940(a).

13  However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government*

14  *Code* and discriminated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants'

15  conduct was despicable in that it was carried on by Defendants with a willful and conscious

16  disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code*

17  section 3294.

18      55.    Defendants' discrimination against Plaintiff was despicable, and subjected

19  Plaintiff to cruel and unjust hardship by subjecting Plaintiff to unwanted disparate treatment,

20  harassment, humiliation and offensive and discriminatory comments, as herein alleged, in

21  conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code*

22  section 3294.

23      56.    Defendants have acted in a malicious and oppressive manner by subjecting

24  Plaintiff to unwanted discrimination and disparate treatment, entitling Plaintiff to punitive

25  damages.

26      57.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

27  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

28  attorney's fees and costs (including expert costs) in an amount according to proof.

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

58. The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## VI.     SECOND CAUSE OF ACTION
(Work Environment Harassment (Gov. Code, § 12940(j)))
<u>(Against All Defendants)</u>

59. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from harassing an employee due to the employee's actual and/or perceived disability, creating a work environment that is hostile, intimidating, offensive, oppressive, or abusive, pursuant to section 12940(j).

61. At all times relevant, Plaintiff was an employee of Defendants.

62. Plaintiff is a member of a protected class within the meaning of *Government Code* sections 12900 *et seq.*

63. During Plaintiff's employment with Defendants, Defendants subjected Plaintiff to discriminatory and harassing conduct due to Plaintiff's actual and/or perceived disability, as herein alleged, in violation of *Government Code* sections 12940(a) and 12940(j).

64. Plaintiff was subjected to unwanted harassing conduct, including but not limited to being belittled and humiliated in front of all of her coworkers because of her actual and/or percieved disability.

65. Such acts of severe and pervasive harassment included Heidi Yungblood's act of publicly humiliating Plaintiff by forcing her to admit that she had soiled herself in front of all of her coworkers, and then scolding her for doing so, among other things. Defendants' harassment of Plaintiff was severe and pervasive. Any reasonable person included in Plaintiff's protected classes would have considered the conduct severe and pervasive as Plaintiff herself considered the conduct to be severe and pervasive.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-14-

66.     Plaintiff's actual and/or perceived disability, were substantial motivating reasons for Defendants' decision to harass, discriminate and retaliate against Plaintiff, as herein alleged, in violation of *Government Code* section 12940(h).

67.     Plaintiff complained to Defendants of the discrimination and harassment Plaintiff faced. Thereafter Defendants retaliated against Plaintiff by terminating Plaintiff's employment.

68.     As a result of Defendants' harassment of Plaintiff, Plaintiff has been harmed.

69.     As a proximate cause of Defendants' willful, knowing, and intentional harassment against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

70.     As a direct and proximate cause of Defendants' harassment against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

71.     Defendants were aware of their obligation not to harass Plaintiff based upon her actual and/or perceived disability, pursuant to *Government Code* section 12940(j). However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government Code* and harassed Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

72.     Defendants' harassment of Plaintiff based upon Plaintiff's actual and/or perceived disability was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to humiliation and disparate treatment, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

73.     Defendants have acted in a malicious and oppressive manner by harassing Plaintiff based upon Plaintiff's actual and/or perceived disability, entitling Plaintiff to punitive damages.

74.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and cost of suit (including expert costs) in an amount according to proof.

**COMPLAINT FOR DAMAGES**

75.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

**VII.     THIRD CAUSE OF ACTION**
(Retaliation (Gov. Code, § 12940(h)))
(Against Defendants Manheim, Cox, and DOES 1 through 20)

76.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from retaliating against any employee due to complaints the employee has made, pursuant to section 12940(h).

78.     Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq.*

79.     At all times relevant, Plaintiff was an employee of Defendants.

80.     During Plaintiff's employment with Defendants, Plaintiff experienced discrimination and harassment from Defendants and Defendants' agents due to Plaintiff's actual and/or perceived disability and requests for reasonable accommodation, as well as good-faith complaints.

81.     During Plaintiff's employment she requested reasonable accommodation and sick pay, and complained regarding discrimination, harassment, and Defendant's failure to provide sick pay.

82.     Defendants failed to provide Plaintiff reasonable accommodation and terminated Plaintiff's employment on or around May 7, 2020.

83.     Plaintiff believes and based thereon alleges that her actual and/or perceived disability, requests for reasonable accommodation, and good-faith complaints were factors in Defendants' actions against Plaintiff, which included retaliation as set forth above. Such retaliation is in violation of *Government Code* sections 12940 *et seq.*, and has resulted in damage

-16-

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    and injury to Plaintiff, as alleged herein.

2        84.    Within the time provided by law, Plaintiff filed a complaint with the California
3    Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and
4    has received and served upon Defendants a Right to Sue letter.

5        85.    As a proximate cause of Defendants' willful, knowing, and intentional retaliation
6    against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings
7    and other employee benefits.

8        86.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has
9    suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain
10   and anguish, all to her damage in a sum according to proof.

11       87.    Defendants were aware of their obligation not to retaliate against Plaintiff based
12   upon her actual and/or perceived disability, requests for reasonable accommodation, and good-
13   faith complaints, pursuant to *Government Code* section 12940(h). However, Defendants failed to
14   do so. Thus, Defendants intentionally disregarded the *Government Code* and retaliated against
15   Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it
16   was carried on by Defendants with a willful and conscious disregard of the rights or safety of
17   others, thereby constituting malice as defined by *Civil Code* section 3294.

18       88.    Defendants' retaliation against Plaintiff based upon her actual and/or perceived
19   disability, requests for reasonable accommodation, and good-faith complaints, was despicable,
20   and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to wrongful
21   termination, among other things, as herein alleged, in conscious disregard of Plaintiff's rights,
22   thereby constituting oppression as defined by *Civil Code* section 3294.

23       89.    Defendants have acted in a malicious and oppressive manner by retaliating
24   against Plaintiff based upon Plaintiff's actual and/or perceived disability, requests for reasonable
25   accommodation, and good-faith complaints, entitling Plaintiff to punitive damages.

26       90.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.
27   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable
28   attorney's fees and cost of suit (including expert costs) in an amount according to proof.

-17-
**COMPLAINT FOR DAMAGES**

91.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## VIII.    FOURTH CAUSE OF ACTION
(Failure to Prevent Harassment, Discrimination and Retaliation (Gov. Code, § 12940(k)))
(Against Defendants Manheim, Cox and DOES 1 through 20)

92.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 91 of this Complaint as though fully set forth herein.

93.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring pursuant to *Government Code* section 12940(k). Prior to filing this Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a Right to Sue letter.

94.     At all times relevant, Plaintiff was an employee of Defendants.

95.     Throughout Plaintiff's employment with Defendants, Defendants failed to prevent its employees from engaging in intentional actions that resulted in Plaintiff's being treated less favorably because of Plaintiff's protected status (*i.e.*, her actual and/or perceived disability, request for reasonable accommodation, and good-faith complaints). During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. Plaintiff has been subjected to harassment, discrimination and retaliation, as herein described at the hands of Defendants and Defendants' agents.

96.     Defendants failed to take all reasonable steps to prevent the harassment, discrimination and retaliation faced by Plaintiff. As a result, Plaintiff was harmed.

97.     Defendants' failure to take all reasonable steps to prevent the harassment, discrimination and retaliation was a substantial factor in causing Plaintiff's harm.

98.     Plaintiff believes, and on that basis alleges, that her actual and/or perceived

-18-
**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAYRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

disability, requests for reasonable accommodation, and good-faith complaints, and/or other protected status and/or other protected activity were substantial motivating factors in Defendants' harassment, discrimination, and retaliation of Plaintiff.

99.     As a proximate cause of Defendants' willful, knowing, and intentional failure to prevent harassment, discrimination, and retaliation against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

100.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

101.     Defendants were aware of their obligation to prevent harassment, discrimination and retaliation, pursuant to *Government Code* section 12940(k). However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Labor Code* and allowed harassment, discrimination and retaliation against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

102.     Defendants' failure to prevent harassment, discrimination and retaliation against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to said harassing, discriminatory and retaliatory conduct, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

103.     Defendants have acted in a malicious and oppressive manner by failing to prevent harassment, discrimination and retaliation against Plaintiff, entitling Plaintiff to punitive damages.

104.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

105.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD, SUITE 209
DOWNEY, CA 90241

1    WHEREFORE, Plaintiff demands judgment as hereafter set forth.

2

3                    **IX.   FIFTH CAUSE OF ACTION**
             (Retaliation for Engaging in Protected Activity (Labor Code, § 1102.5))
4                 (Against Defendants Manheim, Cox and DOES 1 through 20)

5    106.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

6    through 105 of this Complaint as though fully set forth herein.

7    107.    At all times mentioned herein, Defendants employed five or more persons, and

8    *Labor Code* section 1102.5 was in full force and effect and binding on Defendants. This section

9    requires Defendants to refrain from retaliating against any employee as a result of the employee's

10   opposition to practices forbidden by state or federal statute, or practices that violate or do not

11   comply with a local, state, or federal rule or regulation pursuant to *Labor Code* section 1102.5(c).

12   108.    At all times relevant, Plaintiff was an employee of Defendants.

13   109.    On or around October 30, 2019 Plaintiff requested reasonable accommodation in

14   the form of use of her sick pay. Further, in or around March of 2020, Plaintiff provided Defendant

15   her work restrictions and requested further reasonable accommodation in the form of light duty.

16   110.    Also, on or around March 6, 2020, Plaintiff complained to Defendant regarding

17   Defendant's failure to provide her sick pay in response to Plaintiff's request.

18   111.    Additionally, on or around May 7, 2020, Defendant terminated Plaintiff's

19   employment, in major part because Plaintiff reported Defendant's unlawful practices and

20   requested reasonable accommodation. Such retaliation is a violation of *Labor Code* section

21   1102.5.

22   112.    Plaintiff's reporting of Defendants' unlawful conduct and practices was a

23   contributing factor in Defendants' decision to terminate Plaintiff, in violation of *Labor Code*

24   section 1102.5.

25   113.    Plaintiff's allowance of said conduct would have resulted in Defendants'

26   continued violation of FEHA and *Government Code* sections 12900 *et seq.*

27   114.    As a proximate result of Defendants' willful, knowing, and intentional retaliation

28   against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and

THE LAW OFFICES OF GABRIL T. GABRIL L
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-20-
**COMPLAINT FOR DAMAGES**

1   other employment benefits.

2       115.    As a proximate result of Defendants' willful, knowing, and intentional unlawful

3   actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional

4   distress, physical pain and mental pain and anguish, all to her damage in a sum according to

5   proof.

6       116.    Defendants were aware of their obligation not to retaliate against Plaintiff based

7   upon her good-faith complaints, pursuant to *Labor Code* section 1102.5. However, Defendants

8   failed to do so. Thus, Defendants intentionally disregarded the *Labor Code* and retaliated against

9   Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it

10  was carried on by Defendants with a willful and conscious disregard of the rights or safety of

11  others, thereby constituting malice as defined by *Civil Code* section 3294.

12      117.    Defendants' retaliation against Plaintiff was despicable, and subjected Plaintiff to

13  cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby

14  constituting oppression as defined by *Civil Code* section 3294.

15      118.    Defendants have acted in a malicious and oppressive manner in their retaliation

16  against Plaintiff for engaging in protected activity, entitling Plaintiff to punitive damages.

17      119.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

18  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

19  attorney's fees and costs (including expert costs) in an amount according to proof.

20      120.    The damages caused by Defendants are well in excess of the minimum subject

21  matter jurisdictional amount of this Court and will be demonstrated according to proof.

22      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### X.   SIXTH CAUSE OF ACTION
(Retaliation (Labor Code, § 246.5))

(Against Defendants Manheim, Cox and DOES 1 through 20)

26      121.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

27  through 120 of this Complaint as though fully set forth herein.

28      122.    At all times mentioned herein, Defendants employed five or more persons, and

-21-

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1 | *Labor Code* section 246.5 was in full force and effect and binding on Defendants. This section

2 | requires Defendants to "provide paid sick days for … diagnosis, care, or treatment of an existing

3 | health condition of, or preventive care for an employee or an employee's family member"

4 | pursuant to *Labor Code* section 246.5. Futher, section 246.5(c)(1), provides that "an employer

5 | shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge,

6 | demote, suspend, or in any manner discriminate against an employee for using accrued sick days"

7 | or " attempting to exercise the right to use accrued sick days…"

8 |   123.   At all times relevant, Plaintiff was an employee of Defendants.

9 |   124.   On or around October 30, 2019, Plaintiff requested to use her sick pay. Defendant

10 | never got back to Plaintiff regarding her request. Plaintiff followed up with Defendant several

11 | times thereafter and finally in or around March of 2020 Plaintiff got into contact with Defendant's

12 | agent Joy. Plaintiff again asked Joy for her sick pay. Joy stated she would provide Plaintiff her

13 | sick pay as requested.

14 |   125.   Defendant did not provide Plaintiff her sick pay until April of 2020,

15 | approximately six months after she initially requested it.

16 |   126.   Further, on or around May 7, 2020, Defendant terminated Plaintiff's employment.

17 |   127.   Plaintiff believes she was wrongfully terminated by Defendants, in major part

18 | because Plaintiff requested to use her sick pay in order to care for her own health, in violation of

19 | *Labor Code* section 246.5.

20 |   128.   Plaintiff's request for time off of work pursuant to *Labor Code* section 246.5 was

21 | a contributing factor in Defendants' decision to terminate Plaintiff.

22 |   129.   As a proximate result of Defendants' willful, knowing, and intentional retaliation

23 | against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and

24 | other employment benefits.

25 |   130.   As a proximate result of Defendants' willful, knowing, and intentional unlawful

26 | actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional

27 | distress, physical pain and mental pain and anguish, all to her damage in a sum according to

28 | proof.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

131.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

132.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XI.     SEVENTH CAUSE OF ACTION
(Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m)))
(Against Defendants Manheim, Cox and DOES 1 through 20)

133.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 132 of this Complaint as though fully set forth herein.

134.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections provide that it is an unlawful employment practice for Defendants to fail to provide a reasonable accommodation for the known physical disability of an employee pursuant to section 12940(m)(1).

135.     At all times relevant, Plaintiff was an employee of Defendants.

136.     Plaintiff was able to perform the essential job duties of her position with reasonable accommodation for her disability.

137.     Plaintiff had an actual and/or perceived disability which limited her major life activity as defined by *Government Code* section 12926(m), and as such, Plaintiff is a member of a protected class within the meaning of *Government Code* sections 12900 *et seq*. At all times material hereto, Plaintiff satisfactorily performed her duties and responsibilities as required by Defendants.

138.     While Plaintiff was employed by Defendants, Defendants were aware that Plaintiff suffered from an actual and/or perceived disability because Defendant was aware that Plaintiff occasionally soiled herself, Plaintiff informed Defendants that she was taking medication and Plaintiff informed Defendant that she had fibromyalgia.

-23-
**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL.
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

139.     Further, Defendant's agent Ryan Meinberg and Matt had approached Plaintiff and told her that she could take a leave of absence if needed due to the incidents when Plaintiff soiled herself.

140.     On or around October 30, 2019 Plaintiff requested reasonable accommodation in the form of sick time.

141.     Defendant never got back to Plaintiff regarding her request. Plaintiff had to follow up with Defendant several times regarding her sick pay request, and did not receive her sick pay until approximately six months thereafter.

142.     Further, on or around March 11, 2020, Plaintiff provided Defendant her doctor's note, as requested by Joy, so that Plaintiff could return to work. Plaintiff's doctor's note contained Plaintiff's work restrictions in the form of light duty. However, Defendant rejected Plaintiff's doctor's note, claiming that the note could not be accepted because it did not specify how many pounds Plaintiff could lift. Defendant never stated that Plaintiff's doctor's note needed to possess this information. Defendant rejected Plaintiff's work restrictions and failed to provide reasonable accommodation.

143.     Although Defendants knew of Plaintiff's actual and/or perceived disability, Defendants refused to accommodate Plaintiff's disability upon her request, and instead terminated Plaintiff because of her actual and/or perceived disability, in direct contravention of the FEHA, and specifically in violation of California *Government Code* section 12940.

144.     Defendants failed to provide reasonable accommodation for Plaintiff's disability. Defendants' failure to provide a reasonable accommodation was a substantial factor in causing Plaintiff's harm.

145.     As a proximate cause of Defendants' willful, knowing, and intentional failure to provide reasonable accommodation, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

146.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA. 90241

-24-

**COMPLAINT FOR DAMAGES**

147.     Defendants were aware of their obligation to provide reasonable accommodation, pursuant to *Government Code* section 12940(m). However, Defendants failed to do so. Thus, Defendants intentionally failed to provide Plaintiff reasonable accommodation, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

148.     Defendants' failure to provide Plaintiff reasonable accommodation was despicable, and subjected Plaintiff to cruel and unjust hardship by ignoring Plaintiff's work restrictions and risking further harm to Plaintiff, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

149.     Defendants have acted in a malicious and oppressive manner due to their failure to provide Plaintiff reasonable accommodation, entitling Plaintiff to punitive damages.

150.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

151.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### XII.     EIGHTH CAUSE OF ACTION
(Failure to Engage in Good Faith Interactive Process (Gov. Code, § 12940(n)))
(Against Defendants Manheim, Cox and DOES 1 through 20)

152.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 151 of this Complaint as though fully set forth herein.

153.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections provide that it is an unlawful employment practice for Defendants to fail to engage in a timely, good faith interactive process with an employee to determine effective reasonable accommodations in response to a request by an employee with a disability pursuant to section

-25-
**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    12940(n).

2         154.    At all times relevant, Plaintiff was an employee of Defendants.

3         155.    Plaintiff had an actual and/or perceived disability as defined by California

4    *Government Code* section 12926(m), and as such, Plaintiff is a member of a protected class

5    within the meaning of *Government Code* sections 12900 *et seq*. At all times material hereto,

6    Plaintiff satisfactorily performed her duties and responsibilities as required by Defendants.

7         156.    Defendants were aware that Plaintiff was disabled and required accommodations

8    as Plaintiff informed Defendants of her disability. Further, Defendant perceived Plaintiff as

9    possessing a disability as Defendant's agents suggested that Plaintiff take a leave of absence to

10   care for her health, and further stated she could use sick leave. Plaintiff requested that Defendants

11   make reasonable accommodation for her disability so that she would be able to perform her

12   essential job requirements.

13        157.    Plaintiff was willing to participate in an interactive process to determine whether

14   reasonable accommodation could be made so that she would be able to perform her essential job

15   requirements.

16        158.    Defendants failed to participate in a timely good-faith interactive process with

17   Plaintiff to determine whether reasonable accommodation could be made.

18        159.    As a result of Defendants' failure to engage in a good faith interactive process,

19   Plaintiff was harmed.

20        160.    As a proximate cause of Defendants' willful, knowing, and intentional failure to

21   engage in a good faith interactive process, Plaintiff has sustained, and continues to sustain,

22   substantial losses in earnings and other employee benefits.

23        161.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

24   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

25   and anguish, all to her damage in a sum according to proof.

26        162.    Defendants were aware of their obligation to engage in good faith interactive

27   process so as to determine reasonable accommodation for Plaintiff, pursuant to *Government Code*

28   section 12940(n). However, Defendants failed to do so. Thus, Defendants intentionally failed to

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD. SUITE 209
DOWNEY, CA 90241

-26-

**COMPLAINT FOR DAMAGES**

1   engage in good faith interactive process so as to determine reasonable accommodation for

2   Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it

3   was carried on by Defendants with a willful and conscious disregard of the rights or safety of

4   others, thereby constituting malice as defined by *Civil Code* section 3294.

5       163.    Defendants' failure to engage in good faith interactive process was despicable,

6   and subjected Plaintiff to cruel and unjust hardship by failing to determine reasonable

7   accommodation for Plaintiff, risking further harm to Plaintiff, as herein alleged, in conscious

8   disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section

9   3294.

10      164.    Defendants have acted in a malicious and oppressive manner by failing to engage

11  in good faith interactive process to determine reasonable accommodation for Plaintiff, entitling

12  Plaintiff to punitive damages.

13      165.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

14  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

15  attorney's fees and costs (including expert costs) in an amount according to proof.

16      166.    The damages caused by Defendants are well in excess of the minimum subject

17  matter jurisdictional amount of this Court and will be demonstrated according to proof.

18      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

19

20  **XIII.   NINTH CAUSE OF ACTION**
    (Unfair and Unlawful Business Practices (Bus. & Prof. Code, §§ 17200 *et seq.*))
21  (Against Defendants Manheim, Cox and DOES 1 through 20)

22      167.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

23  through 166 of this Complaint as though fully set forth herein.

24      168.    Plaintiff, on behalf of herself, brings these claims pursuant to *Business &*

25  *Professions Code* sections 17200 *et seq.* The conduct of Defendants as alleged in this Complaint

26  has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public.

27  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

28  California *Code of Civil Procedure* section 1021.5.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-27-
**COMPLAINT FOR DAMAGES**

169. Plaintiff is a "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" within the meaning of *Business & Professions Code* section 17204, in that she has been deprived of wages, and therefore has standing to bring this cause for injunctive relief, restitution, and other appropriate equitable relief.

170. *Business & Professions Code* sections 17200 *et seq.*, prohibit unlawful and unfair business practices.

171. Wage and hour laws express fundamental public policies. Providing employees with wages is also a fundamental public policy of this state and of the United States. California *Labor Code* section 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law abiding employers and their employees from competitors who lower their cost by failing to comply with minimum labor standards, including failing to properly compensate employees.

172. Defendants, beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, have committed acts of unfair competition as defined by the Unfair Business Practice Act, and have violated statutes of public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* sections 17200 *et seq.*, depriving Plaintiff and all interested persons, of the benefits and privileges guaranteed to all employees under law.

173. The conduct of said Defendants as alleged herein, constitutes unfair competition in violation of section 17200 of the *Business & Professions Code*, in that Defendants have violated *Government Code* sections 12940 *et seq.*

174. Defendants, by engaging in the conduct herein alleged, including but not limited to, failing to provide reasonable accommodation, among other things, either knew, or in the exercise of reasonable care, should have known that such conduct was unlawful and a violation of section 17200 of the *Business & Professions Code*.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-28-

**COMPLAINT FOR DAMAGES**

175. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code* sections 17200 *et seq.*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary, to prevent unlawful employment practices by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but not limited to, restitution which may be necessary to restore Plaintiff and other similarly situated employees, the wages Defendants have unlawfully failed to pay.

176. Plaintiff's success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of the general public as well as herself and others similarly situated. Plaintiff is entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing to her.

177. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorney's fees from the recovery in this action. An award of attorney's fees is appropriate pursuant to *Code of Civil Procedure* section 1021.5 and otherwise.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XIV.   TENTH CAUSE OF ACTION
(Wrongful Termination (In Violation of Public Policy))
(Against Defendants Manheim, Cox and DOES 1 through 20)

178. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 177 of this Complaint as if fully set forth herein.

179. At all times herein mentioned in this Complaint, California *Government Code* section 12940 *et seq.*, and California Constitution Article 1, Section 8, were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms, and therefore Defendants were required to refrain from violations of public policy, including discrimination on account of Plaintiff's actual and/or perceived disability, requests for reasonable accommodation, requests for use of sick pay and good-faith complaints.

180. At all times relevant, Plaintiff was an employee of Defendants.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD, SUITE 209
DOWNEY, CA 90241

-29-

1    181.   On or around May 7, 2020, Defendant terminated Plaintiff's employment.

2    182.   Plaintiff's actual and/or perceived disability, requests for reasonable

3    accommodation, requests for use of sick pay, and good-faith complaints and exercising of her

4    rights under FEHA were substantial motivating reasons for Plaintiff's termination by Defendants.

5    As a result of Defendants' unlawful conduct, Plaintiff has been harmed.

6    183.   As a proximate cause of Defendants' willful, knowing, and intentional wrongful

7    termination of Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in

8    earnings and other employee benefits.

9    184.   As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

10   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

11   and anguish, all to her damage in a sum according to proof.

12   185.   Defendants were aware of their obligation not to wrongfully discharge Plaintiff in

13   violation of Public Policy. However, Defendants failed to do so. Thus, Defendants intentionally

14   disregarded Public Policy and wrongfully terminated Plaintiff, so as to cause injury to Plaintiff.

15   Further, Defendants' conduct was despicable in that it was carried on by Defendants with a

16   willful and conscious disregard of the rights or safety of others, thereby constituting malice as

17   defined by *Civil Code* section 3294.

18   186.   Defendants' wrongful termination of Plaintiff's employment was despicable, and

19   subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of

20   Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

21   187.   Defendants' wrongful termination of Plaintiff's employment was fraudulent in

22   that Defendants intentionally misrepresented their reason for Plaintiff's termination. Said

23   misrepresentation was made by Defendants in order to deprive Plaintiff of legal rights or

24   otherwise cause her injury. Plaintiff believes and alleges that she was terminated due to her actual

25   and/or perceived disability, requests for reasonable accommodation, request for use of sickpay,

26   and good-faith complaints. Defendants' misrepresentation of their reason for Plaintiff's

27   termination thereby constitutes fraud as defined by *Civil Code* section 3294.

28   188.   Defendants have acted in a malicious, oppressive and fraudulent manner in their

THE LAW OFFICES OF GAVRIL T. GABRIEL.
8255 FIRESTONE BLVD. SUITE 209
DOWNEY, CA 90241

-30-
**COMPLAINT FOR DAMAGES**

1  wrongful termination of Plaintiff, entitling Plaintiff to punitive damages.

2       189.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

3  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

4  attorney's fees and costs (including expert costs) in an amount according to proof.

5       190.    The damages caused by Defendants are well in excess of the minimum subject

6  matter jurisdictional amount of this Court and will be demonstrated according to proof.

7       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

8  **XV.    PRAYER FOR RELIEF**

9       **WHEREFORE,** Plaintiff prays for judgment, against Defendants, and each of them, as

10  follows:

11       1.    For general damages according to proof but no less than $750,000.00;

12       2.    For special damages according to proof but no less than $750,000.00;

13       3.    For punitive damages in an amount appropriate to punish Defendants and deter

14  others from engaging in similar misconduct on appropriate legal causes of action;

15       4.    For compensatory and statutory damages according to proof but no less than

16  $750,000.00;

17       5.    For prejudgment interest;

18       6.    For costs of suit, including attorney's fees;

19       7.    For such other relief as the Court deems just and proper.

20

21  DATED: October 26 , 2021        THE LAW OFFICES OF GAVRIL T. GABRIEL

22

23                              By:

24                              Gavril T. Gabriel, Esq.
                            Attorney for PLAINTIFF, LORI SILEVEN

25

26

27

28

THE LAW OFFICES OF GAVRIL T. GABRIEL<br>8255 FIRESTONE BLVD., SUITE 209<br>DOWNEY, CA 90241

-31-<br>**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2

3        NOTICE IS HEREBY GIVEN that Plaintiff, LORI SILEVEN, hereby demands trial by

4    jury in the above-entitled matter.

5

6    DATED: October 26, 2021                    THE LAW OFFICES OF GAVRIL T. GABRIEL

7

8                                               By:

9                                               Gavril T. Gabriel, Esq.
                                                Attorney for PLAINTIFF, LORI SILEVEN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-32-

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT "A"

**EXHIBIT "A" ATTACHED TO PLAINTIFF'S COMPLAINT**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

February 24, 2021

Gavril Gabriel
8255 Firestone Blvd., Suite 209
Downey, California 90241

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202102-12619615
       Right to Sue: Sileven / Manheim Remarketing, Inc. et al.

Dear Gavril Gabriel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ _ _ _____ _ _____ _____ _ _ GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 24, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202102-12619615
Right to Sue: Sileven / Manheim Remarketing, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency ......................................... GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

February 24, 2021

Lori Sileven
8255 Firestone Blvd., Suite 209
Downey, California 90241

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202102-12619615
Right to Sue: Sileven / Manheim Remarketing, Inc. et al.

Dear Lori Sileven:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 24, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Lori Sileven                                                          DFEH No. 202102-12619615

                                             Complainant,

vs.

Manheim Remarketing, Inc.
6446 Fremont St.
Riverside, California 92504-1437

Cox Automotive, Inc.
6205-A Peachtree Dunwoody Rd.
Atlanta, Georgia 30328

Heidi Yungblood

                                             Respondents

1. Respondent **Manheim Remarketing, Inc.** is an **employer Manheim Remarketing, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Cox Automotive, Inc.** business as Co-Respondent(s). Complainant is naming **Heidi Yungblood** individual as Co-Respondent(s).

3. Complainant **Lori Sileven**, resides in the City of **Downey**, State of **California.**

4. Complainant alleges that on or about **May 7, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other.

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, other.

-1-
*Complaint – DFEH No. 202102-12619615*

Date Filed: February 24, 2021

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability, other.

**Additional Complaint Details:** Plaintiff Lori Sileven (hereafter "Plaintiff" or "Ms. Sileven") began working for Defendants Manheim Inc. (hereafter "Manheim" or "Defendant") and Cox Automotive, Inc. (hereafter "Cox" or "Defendant") (hereafter collectively "Defendants") in or around April of 2017 as a Lot Driver at Defendants' Riverside location of 6446 Fremont Street, Riverside, California 92504. Ms. Sileven's job duties included driving vehicles through the vehicle auctions, and Plaintiff's most recent wage was $12.50 hourly.

Plaintiff was initially hired on a temporary basis. However, on or around May 31, 2019, Defendant hired Plaintiff on a permanent basis. Plaintiff's supervisor was Heidi Yungblood (hereafter "Heidi").

In or around September of 2018, Plaintiff was instructed by Heidi to drive a vehicle to a certain area of one of Defendants' lots. While on her way, Plaintiff became confused and could not remember where Heidi had instructed her to drive the vehicle. Plaintiff contacted Heidi and informed her that Plaintiff was having trouble remembering. Heidi told Plaintiff, "maybe there is something wrong with you".

In or around 2019, Plaintiff began to have occasional accidents on her way to work in which Plaintiff would soil herself. On such occasions, Plaintiff would call Defendant, at times leaving a voicemail, explaining that she would not be into work that day because she had an accident and had soiled herself on her way to work.

During the month October of 2019, Ms. Sileven was approached and spoken to by Defendants' agents Ryan Meinberg and Matt, who told Plaintiff that she could take a leave of absence if needed to due to her accidents. In regard to the leave of absence offered, Ms. Sileven stated she would let them know. However, she never provided a response.

During a work meeting that same month of October of 2019, Nick Boris, Defendants' Regional Vice President, told the employees that employees could only go to the bathroom during breaks and lunch. Plaintiff thereafter feared being written up or disciplined for using the bathroom while not on her break. During this month of October 2019, Plaintiff had to call out of work due to two incidents in which Plaintiff was unable to control her bladder while in traffic on the way to work.

On or around October 23, 2019, Plaintiff had an incident during her break due to Defendant's policy of no bathroom use outside of break periods. Plaintiff needed to use the restroom but had to wait until she could take her break. After Plaintiff's break began, Plaintiff went to the restroom. However, there was a distance between the break room and the bathroom, and despite her effort to make it to the bathroom, Plaintiff had an accident on her way. Plaintiff retrieved a change of clothes but was not able to put the soiled clothes back into her car before her break ended. Thus, Plaintiff double bagged the soiled clothes and

Date Filed: February 24, 2021

1   took them with her in the van that transported Plaintiff and the other drivers to the vehicles
    that they would pick up.

2

3   On or around October 28, 2019, while Plaintiff and the other drivers were being transported
    in the van, Melissa, a crew lead, stated that someone had left a bag in the van and gave
    Plaintiff a dirty look in the rear-view mirror, making it clear that she suspected it was Plaintiff
4   who had left the bag in the van. Plaintiff immediately remembered that she had left the bag
5   in the van and set out to speak to Heidi about it as soon as she came in the following day.

6   On or October 29, 2019, almost immediately after arriving to work and before Plaintiff could
    reach her, Heidi told all of the drivers about the bag that had been left in the van, its
7   contents, and demanded to know who left the bag in the van. While she said these things,
    Heidi looked only at Plaintiff, evidencing that she was aware that Plaintiff that Plaintiff had
8   left the bag in the van. Plaintiff was left with no choice but to state in front of everyone that it
    had been her that accidentally left the bag in the van. Plaintiff expressed to Heidi that she
9   had hoped to speak with her privately about the matter. Plaintiff apologized to Heidi, offering
    to go and explain the situation to Heidi's supervisor and management. Heidi only further
10  embarrassed and belittled Plaintiff, by yelling at and scolding Plaintiff. Plaintiff felt
    humiliated.
11

12  Plaintiff believes that because Ryan Meinberg and Matt were aware of Ms. Sileven's
    accidents, that Heidi Yungblood was also aware of said accidents, and that she believed it
13  had been Plaintiff who left the bag in the van. Thus, Heidi Youngblood purposefully
    humiliated and embarrassed Plaintiff in front of the whole crew.

14  On or around that same day of October 29, 2019, Plaintiff was called in by Human
15  Resources and met with two HR Representatives. During this meeting, the HR
    Representatives asked Ms. Sileven if she had an accident in any other vehicles. Plaintiff
16  informed them that she had no accidents in any vehicles but that this one had happened
    during her break, and she didn't have time to take the bag back to her car prior to the end of
17  her break. During this meeting, Plaintiff told the HR representatives that she believed the
    accidents were associated with a medical condition that Plaintiff possessed. Plaintiff further
18  told the HR Representatives that Nick Boris, the Regional Vice President, told all of the
    employees that they could only use the restroom during their breaks. As a result, Ms.
19  Sileven felt that she could not use the bathroom during work hours without endangering her
    job. This shows the unreasonable expectations which Defendant had of Plaintiff, and the
20  inhumane working conditions to which Plaintiff was subjected while working for Defendant.
    The HR Representatives told Ms. Sileven that if she needed time off to go to the doctor, they
21  could give her time off and that Plaintiff did have three days of paid time off, i.e., sick time.
    At no time during or after this meeting did Plaintiff communicate to Defendant that she
22  wished to take a leave of absence.

23  The following day, on or around October 30 2019, Plaintiff called Defendant's office to ask if
24  she could use her sick time as Plaintiff had been told the day before that she could do so.
    However, Defendant didn't answer Plaintiff's phone call. Plaintiff left a three-minute long
25  voicemail stating that she wouldn't be into work that day and wanted to know how to use her
    sick time. Plaintiff also wished to speak with HR about being put onto another crew because

26

27                                          -3-
                          *Complaint – DFEH No. 202102-12619615*

28  Date Filed: February 24, 2021

1   she had been humiliated by Heidi Yungblood. Thereafter, Plaintiff regularly attempted to
2   reach Defendant. Plaintiff believes that Defendant ignored her attempts to reach out due to
    her perceived disability, and in retaliation for her requests for reasonable accommodation in
3   the form of time off from work and use of sick pay.

4   During this time, Plaintiff tried to get in to see the doctor but she was unable to because she
    did not possess medical insurance at that time. In or around November or December of
5   2019 Plaintiff obtained medical insurance coverage, went to see a rheumatologist, and was
    diagnosed with fibromyalgia.
6
    By January of 2020, Plaintiff believed that she had been terminated by Defendant, as
7   Defendant still had not answered or returned her calls. Thus during this month, Plaintiff
    applied for unemployment. However, to Plaintiff's surprise, in or around February of 2020
8   she was informed by the California Employment Development Department that her
    employment status was still active.
9
    Thereafter, in February of 2020 Plaintiff called Defendant Manheim's corporate office
10  regarding the status of her employment, her ability to return to work, and regarding her sick
    pay which she had requested in October of 2019. Plaintiff was told that she had been placed
11  on a leave of absence, that she needed to speak with Joy ("Joy"), with the leave of absence
    department at the Riverside location, and that Joy would reach out to Plaintiff. However, Joy
12  did not reach out to Plaintiff, and Plaintiff called Defendant several times in order to follow
    up. Each time Plaintiff was told that Joy would reach out to her.
13
    Finally, on or around March 6, 2020, Plaintiff told Defendant that she would get an attorney
14  involved if necessary. A few hours thereafter, Joy reached out to Plaintiff. Joy told Plaintiff
    that Plaintiff had asked to be put on a leave of absence and that she needed a doctor's note
15  to return to work. Joy did not specify what exactly needed to be in this doctor's note. Plaintiff
    told Joy that she had never asked to be placed on a leave of absence, but was trying to
16  figure out how to get time off and use her sick time. Joy stated Plaintiff should've known that
    she'd be put on a leave of absence as this was in her employee handbook. Plaintiff informed
17  Joy that she had seen a rheumatologist and was diagnosed with fibromyalgia. Plaintiff also
    requested the sick pay that she never received. Joy replied that she would get it taken care
18  of and that Plaintiff was supposed to get her sick pay.
19
    A few days later, on or around March 11, 2020, Ms. Sileven obtained a doctor's note stating
20  that Plaintiff could return to work on light duty on March 16, 2020 and sent the note to
    Defendant. Thereafter, Joy told Plaintiff that she couldn't accept the doctor's note because it
21  didn't state how many pounds Plaintiff could lift. Joy never specified that the note needed to
    possess this information, and Plaintiff's job duties did not require Plaintiff to do regular or
22  heavy lifting. Thereafter, Plaintiff attempted to go back to the doctor in order to obtain
    another note, but due to the outbreak of COVID-19, the doctor's office stated they were
23  unable to see Plaintiff. Ms. Sileven informed Joy that she couldn't obtain another note at the
    time due to the COVID-19 outbreak. Defendants rejected Plaintiff's doctors note, and did not
24  allow her to return back to work.

25

26

27                                                    -4-
28  Date Filed: February 24, 2021

1  Plaintiff believes that Defendants purposely omitted that Plaintiff's doctor's note needed to
   include how many pounds Plaintiff could lift, so as to be able to reject Plaintiff's doctor's note
2  and requests for reasonable accommodations. Defendants refused to accommodate Plaintiff
   and failed to engage in a good-faith interactive process to determine reasonable
3  accommodation. During this conversation, Plaintiff again asked Joy for her sick pay and Joy
   stated she would check on it.
4
5  Further, on April 21, 2020, Defendants sent Plaintiff a notice stating that if she didn't contact
   the Employee Service Center on or before April 24, 2020, she would be considered to have
6  abandoned her employment and her employment would be terminated. However, Plaintiff
   had just contacted the Employee Service Center the day prior to the notice, on April 20,
7  2020. Further, this Notice was sent via mail, yet the deadline was only three (3) days later,
   on April 24, 2020.
8
   Also in or around April of 2020, Defendant finally provided Plaintiff her sick pay and claimed
9  that there was a "mess up". However, Plaintiff believes that Defendants withheld Plaintiff's
   sick pay in retaliation for Plaintiff's requests for reasonable accommodation and requests for
10 sick pay.

11 On or around May 7, 2020, Defendants terminated Plaintiff for job abandonment, and
   claimed that on April 21, 2020, Defendants had notified Plaintiff that she needed to return to
12 work no later than April 24, 2020, and that because Ms Sileven did not return, she was
   terminated. However, this is completely false and pretextual, as the April 21, 2020 notice
13 that Defendant sent Plaintiff states nothing about Ms. Sileven returning to work. Further, Ms.
   Sileven attempted to return to work, and provided Defendants her doctors note on or around
14 March 11, 2020 which cleared her to do so. Yet, Defendants rejected Plaintiff's doctor's
   note. It is clear that Defendants never intended to allow Plaintiff to return to work. Ms.
15 Sileven did not abandon her job position. Rather, Defendants prevented Plaintiff from
16 returning to work and thereafter terminated her employment.

17 Plaintiff has experienced discrimination, harassment and retaliation from Defendants as a
   result of her actual and/or perceived disability. Defendants refused to provide Plaintiff
18 reasonable accommodation and instead terminated her employment in retaliation for
   Plaintiff's requests for reasonable accommodation.
19
   As a result of the unlawful conduct engaged in by Defendants, Plaintiff has experienced
20 harm on a continuous and ongoing basis including economic, non-economic damages,
   attorneys' fees and costs.
21

22

23

24

25

26

27
28 Date Filed: February 24, 2021

1  VERIFICATION

2  I, **Gavril T Gabriel**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4  On February 24, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                          **Downey, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                           -6-
27                     *Complaint – DFEH No. 202102-12619615*

28  Date Filed: February 24, 2021

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Gavril T. Gabriel, Esq. [SBN: 296433]
8255 Firestone Blvd. Suite 209, Downey, CA 90241

TELEPHONE NO.: 562-758-8210   FAX NO. *(Optional):* (562) 758-8219
E-MAIL ADDRESS: GGabriel@gtglaw.org
ATTORNEY FOR *(Name):* Plaintiff, Lori Sileven

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE**
STREET ADDRESS: 4050 Main St.,
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

Electronically FILED by Superior Court of California, County of Riverside on 11/02/2021 04:38 PM
Case Number CVRI2105026 0000004269897 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Itze Siracusa, Clerk

**CASE NAME:**
Lori Sileven v. Manheim Remarketing, Inc. et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2105026  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: October 26, 2021

Gavril T. Gabriel, Esq.
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

▶

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*